■ MARSHA KLEIN, Appellant, v BLUE CROSS OF FLORIDA et al., Respondents. — Order, Supreme Court, New York County (Fraiman, J.), entered January 29, 1981 granting defendants' cross motion for summary judgment, and denying plaintiff's motion for partial summary judgment and directing dismissal of the complaint, is unanimously reversed, on the law, and defendants' cross motion for summary judgment is denied, and plaintiff's motion for partial summary judgment is granted to the extent of declaring that defendants Blue Cross of Florida, Blue Shield of Florida (hereinafter defendants) are liable to provide plaintiff with contract coverage from July 1, 1977 to May 31, 1978, all with costs to plaintiff. If the policy stood alone, we could agree with Special Term that plaintiff's rights under the group policy terminated on the termination of plaintiff's employment, and that the provisions of the policy providing for continuation of benefits in the event of plaintiff's hospitalization or total disability at the time of termination of the agreement refer to termination of the entire group policy rather than merely plaintiff's coverage thereunder. But the policy is a Florida policy written under the requirements of the Florida statute which provides: "Every group, blanket, or franchise policy or contract subject to the provisions of this act hereafter delivered, or issued for delivery in this state or under which benefits are hereafter altered, modified, or amended shall provide a reasonable provision for extension of benefits in the event of total disability at the date of discontinuance of the policy or contract, as required by this section." (Fla Stats, Ann., tit 18A, Insurance, § 627.667, subd [1].) We think the fair meaning of this statute is to grant its benefits on the termination of the individual beneficiary's "contract" as well as on the termination of the general "policy." There is little sense to conditioning an *individual* beneficiary's rights on the fortuitous circumstances of disability only as of the date of termination of the *entire group* policy and excluding such rights on disability at any other time and particularly at the time most logically related to the need for extended coverage, i.e., on the termination of the *individual's* coverage. The Florida statute does not state what provision must be made for extension of benefits other than a "reasonable provision" with certain stated minimums, leaving it to the "policy or contract" to describe the "applicable extension of benefits or accrued liability." *(Id.,* § 627.667, subd [4].) In the present case the policy says, "[i]f at the date of termination of this contract" the subscriber is totally disabled, the benefits shall continue for 12 months. (Here, because of other adjustments that had been made between the parties, that means until May 31, 1978.) Plaintiff concededly was a paraplegic at the time of termination of employment and contract, and accordingly, she was then "totally disabled." Concur — Kupferman, J.P., Sandler, Silverman and Lynch, JJ.