487 So.2d 1085 (1986)
BLUE CROSS/BLUE SHIELD OF FLORIDA, INC., Appellant,
v.
Deborah SHUFELT, Appellee.
No. 85-1293.
District Court of Appeal of Florida, Fifth District.
March 20, 1986.
Rehearing Denied April 21, 1986.
*1086 Larry J. Townsend of Maguire, Voorhis & Wells, P.A., Orlando, Robert P. Macina and Thomas W. Stanley, Jacksonville, for appellant.
J. Russell Hornsby and Leon M. Boyajan, II, of Law Offices of J. Russell Hornsby, Orlando, for appellee.
COWART, Judge.
This case involves the construction of sections 627.667(1) and 627.6675, Florida Statutes, which assure employees certain benefits under group health and accident policies provided by employers.
Appellee/employee, Deborah Shufelt, was injured while covered under a health and accident policy issued by appellant/insurer, Blue Cross and Blue Shield, to her employer, Action Aluminum. Because the employee's injuries resulted in total disability, the employer discharged her from employment. Because the employee was discharged from employment, she is no longer entitled to benefits under the group policy. The question in this case is what benefits, if any, is this totally disabled employee entitled to under the applicable Florida statutes.
Section 627.667(1), Florida Statutes, provides, in effect, that every policy must contain a reasonable provision for extension of benefits for total disability when a policy or contract of group insurance is discontinued. The injured employee claims she is entitled to such an extension of benefits. The insurance company replies that the extension of benefits under section 627.667(1), Florida Statutes, relates only to when the entire group policy is discontinued and not to when the employee's rights under the group policy are terminated because employment is discontinued. The insurer concedes that if the employer discontinued the entire group policy under this statute the employee would be entitled to an extension of benefits under the group policy. However, the injured employee cannot require the employer to discontinue the group policy and, in this case, the employer desires to continue that coverage.
The insurer says that the injured employee's remedy is to obtain a "converted policy" as provided for in section 627.6675, Florida Statutes. However, the "converted policy" offered by the insurer to the employee in this case did not contain all of the benefits that the injured employee was entitled to under the group policy. Specifically, the "converted policy" provided no coverage for physical therapy, durable medical equipment, or private duty nursing that were covered under the group policy; the "converted policy" provided for payment of only 80% of the usual, customary, and reasonable charges for 120 days rather than 100% of the usual, customary, and reasonable *1087 charges up to $1,000,000.00 lifetime maximum benefit provided by the group policy. The insurer says nevertheless what it offered is all the insurer is required to provide the injured employee under this statute.
The injured employee argues that injured employees are entitled to certain benefits under the group policy and that a totally disabled employee needs these benefits as much as, if not more than, an injured employee who is not totally disabled and can continue to work and receive benefits under the group policy. However, a totally disabled employee normally becomes unnecessary to the employer, is consequently normally discharged, and, for that reason, will usually lose all benefits under the group policy. According to the insurer, under section 627.6675, the employee is entitled to a "converted policy," but not to benefits equal to those provided by the group policy from which it is converted. If the insurer's interpretation of the statute is correct, a totally disabled employee will normally never be entitled to receive the benefits provided by the group policy and the statute would permit the insurer to substitute a "converted policy" with greatly reduced benefits to the totally disabled employee.
The injured employee argues that when an employee is discharged from employment because of total disability the statutes should be interpreted to require that the totally disabled employee receive the benefits to which the employee was entitled under the group policy. The injured employee states that this can be done in either of two ways: (1) by construing section 627.667(1), Florida Statutes, to require an extension of benefits not only when the group policy is discontinued but when coverage to the employee is discontinued because of termination of employment due to injuries received while covered under the employer's group policy, or (2) construing section 627.6675, Florida Statutes, to require that the "converted policy" provide the same benefits as the group policy which it replaces.
Although there is some authority to the contrary,[1] section 627.667(1), Florida Statutes, appears to relate only to the discontinuance of the group policy and not to the discontinuance of coverage in favor of a particular employee. The legislature should change this. However, the employee is correct as to the second argument. The intent of the legislature in section 627.6675 does appear to be to entitle an employee to a "converted policy" which provides the employee with the benefits that the employee was entitled to receive under a group policy. This legislative intent could be totally frustrated, and an injured employee's rights under the group policy and under this statute would be only an illusion, if the insurance company could discharge its statutory duty by offering a totally disabled employee a "converted policy" providing substantially lesser benefits than those provided in the group policy. Therefore, section 627.6675 should be construed to require that every "converted policy" contain coverage and benefits to the employee comparable to the coverage and benefits the employee had under the group policy which the "converted policy" replaces. Accordingly, the trial judge is
AFFIRMED.
DAUKSCH and UPCHURCH, JJ., concur.
NOTES
[1] The Supreme Court, Appellate Division, of New York considered the predecessor statute to the present § 627.667, Fla. Stat., in Klein v. Blue Cross of Florida, 84 A.D.2d 527, 443 N.Y.S.2d 616 (1981). That court found Blue Cross liable to provide an insured with coverage who became a paraplegic due to injuries incurred while covered under a group policy and then was terminated from employment because of his inability to perform as an employee. The court held that section 627.667(1), Fla. Stat. (1977), did not require termination of the entire group contract for an extension of benefits to an individual. Section 627.6675 became law in 1978 and was therefore not in effect at the time of this action.