GLICKSTEIN, Judge.
Appellant contends that pursuant to section 627.667, Florida Statutes (1983), he was entitled to a continuation of benefits under the Blue Cross/Blue Shield group policy as he was terminated from employment while totally disabled.
In pertinent part, section 627.667, Florida Statutes, provided, then, as it does today, as follows:
Extension of benefits.—
(1) Every group, blanket, or franchise policy or contract renewed, delivered, or issued for delivery in this state shall contain a reasonable provision for extension of benefits in the event of total disability at the date of discontinuance of the policy or contract. The extension shall be required whether the group policyholder or other entity secures replacement coverage from a new insurer or forgoes the provision of coverage.
(2) Discontinuance of the policy during a disability shall have no effect on benefits payable for that disability or confinement under a group plan providing benefits for loss of time from work or specific indemnity during hospital confinement.
Appellant proposes that this court interpret this statute in such a way as to grant extended coverage to an individual when coverage for the individual employee (as opposed to coverage for the entire group) is discontinued as a result of termination of employment due to the total disability of the employee. He acknowledges that a similar argument has been previously dealt with and rejected in Blue Cross/Blue Shield of Florida, Inc. v. Shufelt, 487 So.2d 1085, 1087 (Fla. 5th DCA 1986), where the Fifth District Court of Appeal found that “section 627.667(1), Florida Statutes, appears to relate only to the discontinuance of the group policy and not to the discontinuance of coverage in favor of a particular employee.”
We affirm the trial court’s entry of final summary judgment and approve the decision of the Fifth District Court of Appeal in Blue Cross/Blue Shield of Florida, Inc. v. Shufelt. See also 30 Fla.Jur.2d Insurance § 435 Termination of Coverage — By Replacement, Cancellation, Modification, or Forfeiture of Master Policy (1981).
We note that we have been furnished no legislative history — state or federal. Health insurance is one of the premier social issues facing Floridians today. That a society cannot provide adequately for its ill is a negative attribute of that society.
Appellant, being unable to obtain a converted policy because of a hapless economic condition occasioned by his total disability, makes an appealing argument that we should interpret section 627.667(1) Florida Statutes (1985), as the Appellate Division of the New York Supreme Court — not its Court of Appeals — did in Klein v. Blue Cross of Florida, 84 A.D.2d 527, 443 N.Y. S.2d 616 (1981). The four judge panel there held the insurer liable for coverage of the plaintiff from July 11, 1977, to May 31, 1978, saying:
If the policy stood alone, we could agree with Special Term that plaintiff’s rights under the group policy terminated on the termination of plaintiff's employment, and that the provisions of the policy providing for continuation of benefits in the event of plaintiff’s hospitalization or total disability at the time of termi *1316 nation of the agreement refer to termination of the entire group policy rather than merely plaintiffs coverage thereunder. But the policy is a Florida policy written under the requirements of the Florida statute which provides:
Every group, blanket, or franchise policy or contract subject to the provisions of this act hereafter delivered, or issued for delivery in this state or under which benefits are hereafter altered, modified, or amended shall provide a reasonable provision for extension of benefits in the event of total disability at the date of discontinuance of the policy or contract, as required by this section. West’s Florida Statutes An-not. Title 18A, Insurance — § 627.-667(1).
We think the fair meaning of this statute is to grant its benefits on the termination of the individual beneficiary’s “contract” as well as on the termination of the general “policy.” There is little sense to conditioning an individual beneficiary’s right on the fortuitous circumstance of disability only as of the date of termination of the entire group policy and excluding such rights on disability at any other time and particularly at the time most logically related to the need for extended coverage, i.e., on the termination of the individual’s coverage. The Florida statute does not state what provision must be made for extension of benefits other than a “reasonable provision” with certain stated mínimums, leaving it to the “policy or contract” to describe the “applicable extension of benefits or accrued liability.” Id. § 627.667(4). In the present case the policy says, “[i]f at the date of termination of this contract” the subscriber is totally disabled, the benefits shall continue for 12 months. (Here, because of other adjustments that had been made between the parties, that means until May 31, 1978.) Plaintiff concededly was a paraplegic at the time of termination of employment and contract, and accordingly, she was then “totally disabled.”
84 A.D.2d at 527, 443 N.Y.S.2d at 616-17.
Subsection (3) of the subject statute now provides:
In the case of hospital or medical expense coverage other than for dental and maternity expense, a reasonable extension-of-benefits or accrued-liability provision is required, which provides for continuation of policy benefits in connection with the treatment of a specific accident or illness incurred while the policy was in effect. Such provision will be considered reasonable if it provides an extension of at least 12 months under “major medical” and “comprehensive medical” types of coverage and, under other types of hospital or medical expense coverage, provides either an extension of at least 90 days or an accrued liability for expenses incurred during a period of disability or during a period of at least 90 days starting with a specific event which occurred while coverage was in force.
The New York court undertook to achieve a humanistic result in its interpretation of section 627.667(1), Florida Statutes. We are suggesting, as did the Fifth District Court of Appeal, that the Florida Legislature consider amending this statute to provide for a continuation of insurance coverage when an individual employee is terminated from employment during a period of total disability. Although it has no determinative value in this case, the enactment by Congress of Title X of the Consolidated Omnibus Budget Reconciliation Act of 1985 constitutes a positive step in the direction of assuring that terminated disabled employees have the right to continuation of benefits equal to those under their employer’s group health insurance.
HERSEY, C.J., and STONE, J., concur.