SCHEB, Acting Chief Judge.
Appellant, Northbrook Life Insurance Company, challenges a declaratory judgment in favor of Appellee Mary Elizabeth Clark, a former insured under a group health insurance policy. The trial court held Ms. Clark was entitled to obtain a conversion policy of health insurance with benefits equal to those provided by North-brook under its group contract. We affirm.
Ms. Clark, an attorney employed by Gulf-coast Legal Services, Inc., was insured under a group health insurance plan underwritten by Northbrook. In December 1988, while the Northbrook group plan was in effect, Ms. Clark was diagnosed as having cancer. Following surgery in January 1989, she did not return to work and has been totally disabled since December 1988.
Ms. Clark received full medical benefits under the group plan through June 30, 1989, the effective date of her resignation. *1200 Then, from July 1, 1989 through June 30, 1990, pursuant to section 627.667, Florida Statutes (1989), she received an extension of her benefits.
On March 24, 1989, Gulfcoast received notice from Northbrook that it intended to terminate the group coverage effective July 1, 1989. Ms. Clark exercised her right of conversion pursuant to the group policy. She requested a policy with equal benefits; however, as Northbrook concedes, the conversion policy as issued by Allstate Insurance Company does not provide the same level of benefits as her former group contract.
We have examined the various points raised by Northbrook and think only one merits discussion, i.e., the adequacy of the conversion policy issued. Northbrook argues it was only required to issue Ms. Clark a conversion policy providing benefits required in section 627.6675, not the original group policy.[1]
We agree with the trial court and Ms. Clark that she is entitled to a conversion policy providing benefits equal to those which the group coverage provided her. Contrary to Northbrook’s argument, we think section 627.6675 merely sets forth minimum requirements to which an insurer must adhere.
The original group policy allows an eligible individual employee to convert his or her policy when that individual’s employment ends. We are aware that the policy does not explicitly define conversion and merely stipulates that “the form, benefits provided, premium, and other terms of the conversion coverage will be in accord with all state laws and regulations which apply.” Based on the policy language, however, we think the trial court correctly held that the conversion policy must provide coverage equal to the benefits provided in the group plan. Subject only to those limitations enumerated in the group policy, the conversion policy must afford a former group insured with coverage equal to that provided under the group policy. We interpret section 627.6675 merely as establishing the minimum criteria a conversion policy must meet. Where, as here, the original group policy entitles the insured to a conversion policy containing benefits in excess of the statutory mínimums, the statute is largely irrelevant. We note, however, that were the group policy silent as to a particular benefit or failed to meet the minimum requirements, the statute would govern. Our interpretation is bolstered by Blue Cross/Blue Shield of Florida, Inc. v. Shufelt, 487 So.2d 1085, 1087 (Fla. 5th DCA 1986). There, the Fifth District stated, “[t]he intent of the legislature in section 627.6675 does appear to be to entitle an employee to a ‘converted policy’ which provides the employee with the benefits that the employee was entitled to receive under a group policy.”
Affirmed.
FRANK and HALL, JJ., concur.

. We note that even under Northbrook’s own interpretation, it has not complied with its obligations. The evidence indicates that in the conversion policy, the use of a benefit factor multiplier would render it inadequate as compared to the minimum requirements of section 627.6675.